UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:22-mj-02923 Damian

**UNITED STATES OF AMERICA**  **FILED UNDER SEAL**

vs.

**DANIEL LESIN,**

      **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?   ____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019?   ____ Yes __X__ No

    Respectfully submitted,

    JUAN ANTONIO GONZALEZ
    UNITED STATES ATTORNEY

BY:  /s/ Roger Cruz
    ROGER CRUZ
    ASSISTANT UNITED STATES ATTORNEY
    Florida Bar Number 157971
    99 N. E. 4th Street
    Miami, Florida  33132-2111
    TEL (305) 961-9207
    FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Daniel Lesin<br><br>Defendant(s) | )<br>)<br>) Case No. 1:22-mj-02923 Damian<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   July 2018 to September 2021   in the county of   Miami-Dade and Palm Beach   in the
____Southern____ District of ____Florida____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

*[signature]*
Complainant's signature

Austin M. Steelman, Special Agent
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  What's App

Date:  5/29/2022 6:13pm

*[signature]*
Judge's signature

City and state:             Miami, Florida                    Hon. Melissa Damian, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Austin M. Steelman, being duly sworn, hereby declare and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since February 2016. I am currently assigned to the Miami Field Office of the FBI, which is located in this District. Prior to my employment with the FBI, I was an attorney for 3 years. During my service with the FBI, I have participated in white collar criminal investigations, including various fraud schemes related to *Ponzi* schemes, advance fee schemes, corporate fraud, securities fraud, money laundering, market manipulation and company embezzlement investigations.

2. I am the FBI case agent directing the investigation into DANIEL LESIN ("LESIN") who is or was recently a resident of Palm Beach County, Florida, Bergen County, New Jersey, and New York County, New York. The investigation centers on LESIN's violations of Title 18 United States Code Section 1343 (wire fraud). I have participated fully in the investigation and, as a result of my participation, I am familiar with the circumstances of the investigation and the information set forth in this affidavit.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of an arrest warrant, each and every fact known to me regarding this investigation is not included.

4. The FBI and a federal grand jury are currently investigating LESIN in connection with a wire fraud scheme involving the purported sale and finance of Ferrari motor vehicles. Ferrari is an Italian-based luxury sportscar manufacturer that is famous

for producing limited number, handcrafted motor vehicles, including the special edition, ultra-exclusive "super car," the Ferrari Monza SP1 and Ferrari Monza SP2.

5. In this fraud scheme, LESIN and his accomplices unlawfully enriched themselves by (1) causing individuals and corporations to pay advance deposits for the purported purchase of ultra-exclusive Ferrari vehicles based on materially false and fraudulent representations, (2) causing financial institutions to provide the defendant money based upon his materially false and fraudulent representations regarding the ownership of Ferrari vehicles, and (3) using those fraudulently obtained funds for the defendant's and his accomplices' personal use and benefit.

6. LESIN's wire fraud victims included individuals located in the Southern District of Florida and several other states, including California and Nebraska, as well as one victim who lives in Canada. LESIN also defrauded at least two financial institutions in his fraud scheme, which are herein identified as P.F.S., LLC, which was a vintage and exotic motorcar financing and leasing company, and a wholly owned subsidiary of Bank 1, a financial institution whose accounts were insured by the FDIC; and Bank 2, which was a financial institution whose accounts were insured by the FDIC.

7. The fraud scheme that is the subject of this investigation began in or around July 2018, and continued through in or around September 2021, in Miami-Dade and Palm Beach Counties, in the Southern District of Florida, and elsewhere.

8. LESIN was a member, officer, and/or director of several corporations that he used in his wire fraud scheme, including CORE NEXUS LLC ("CORE"), which was a corporation registered in the state of Montana, the state of Florida, and the state of

Alaska; ALDL, LLC ("ALDL"), which was a corporation registered in the state of Montana; GREY BLACK HOLDINGS, LLC ("GREY"), which was a corporation registered in the state of Alaska and the state of Montana; and SBPCS, LLC ("SBPCS"), which was a corporation registered in the state of Montana.

9. Beginning in or around July 2018, LESIN, individually and through CORE, ALDL, GREY, and SBPCS, executed false and fraudulent sales contracts with individuals located throughout the United States and Canada for the purchase of ultra-exclusive Ferrari automobiles. LESIN falsely represented to potential purchasers that he either owned specific Ferrari automobiles or to had access to purchase Ferrari automobiles that were in the process of being built. In truth, LESIN had neither.

10. LESIN typically provided the purchasers with signed false and fraudulent purchase orders on what appeared to be legitimate Ferrari car dealer forms, sham vehicle build sheets showing the specifications of Ferrari vehicles, as well as other false and fraudulent documents.

11. To entice potential purchasers and bolster their confidence in his claimed ability to consummate the sale of the high-value luxury cars, LESIN often represented to potential purchasers that he had existing purchase orders with official Ferrari automobile sales centers for future, limited vehicle allotments from Italy. LESIN further represented that he had secured those purchases with his own funds. For example, LESIN falsely represented to one victim that he had already deposited $500,000 of his own funds to secure the purchase of a Ferrari Monza SP2. LESIN provided the victim with false and fraudulently prepared bank records that purported to show LESIN's $500,000 wire to Ferrari. The FBI interviewed this

3

victim, obtained the records LESIN sent the victim, and independently verified the fraudulent nature of the papers sent to the victim.

12. LESIN often communicated with purchasers using email, text messages and other wire communications. All purchasers interviewed by the FBI confirmed that they sent LESIN payments using interstate bank wire transfers. To consummate these sales, LESIN required and received wire transfers from the purchasers into bank accounts he controlled.

13. To facilitate these sham Ferrari sales, LESIN used several luxury vehicle brokers, including one broker located in Miami-Dade County, Florida and another located in Palm Beach County, Florida. These brokers had clients that LESIN falsely and fraudulently induced to provide him with advance payments for vehicles that did not exist. LESIN caused his victims to make advance payments to him for the fictitious Ferraris, and caused them to wire commission payments to the automobile brokers. Based on the FBI interviews of these brokers, LESIN sent fake and false bank records to the brokers to make it seem that he had already purchased certain Ferrari vehicles that he was selling to the brokers clients.

14. At least two of the brokers were located in the Southern District of Florida, and during the fraud scheme, while outside of the District, LESIN transmitted several text messages that included false statements involving the sale of the Ferrari vehicles, as well as attachments of false documents regarding same.

15. Based on FBI interviews with bank personnel, we confirmed that LESIN, in fact, did submit false wire transfer documents to Ferrari brokers and purchasers. Based on FBI interviews of Ferrari car dealer personnel, the Ferrari purchase orders that

4

LESIN sent to brokers and purchasers were, in fact, bogus, fake, and fraudulent.

16. As part of his fraud scheme, LESIN falsely and fraudulently induced P.F.S., LLC to provide him with approximately $388,273 for the sale and "lease back" of a Ferrari vehicle that LESIN did not own. LESIN provided P.F.S. LLC with false and fraudulent documents, including a sham State of Montana Department of Motor Vehicle, Certificate of Title, to induce P.F.S., LLC to complete the deal.

17. LESIN falsely and fraudulently induced Bank 2 to lend him approximately $370,000, secured by the same Ferrari vehicle described in Paragraph 9, above, when, in truth and in fact, he did not own the vehicle and could not use it as security for a loan.

18. LESIN also falsely and fraudulently induced Bank 2 to lend him approximately $280,264, secured by another Ferrari vehicle, when, in truth and in fact, he did not own the vehicle and could not use it as security for a loan.

19. To induce individuals, corporations, and financial institutions to provide money to the defendant and his accomplices, LESIN and his accomplices made and caused others to make numerous materially false and fraudulent statements to Ferrari vehicle purchasers and financial institutions including, among other things, the following: (a) that purchasers' funds would be used towards the purchase of Ferrari vehicles; (b) that purchasers' funds were refundable in the event they did not receive their vehicle; (c) that Ferrari transactions were represented in authorized and legitimate purchase orders; (d) that LESIN had previously secured the purchase of particular Ferrari Monza SP1 and Monza SP2 automobiles from Ferrari which he was transferring to his purchasers; (e) that LESIN had previously wired his own

5

funds to Ferrari to secure a vehicle for a particular purchaser; (g) that purchasers' funds would be used to acquire new Ferrari vehicles, as opposed to being used for LESIN and his accomplices' personal benefit; and (h) that LESIN owned or would later own a specific Ferrari vehicle to collateralize a financial institution loan.

20. Based on these materially false and fraudulent statements, in or around July 2018 and continuing through in or around September 2021, purchasers and financial institutions wire transferred approximately $3,000,000 to LESIN which he used for his and his accomplices' personal use and benefit.

21. In this grand jury investigation, the FBI obtained the bank records of the accounts that LESIN received his wire fraud proceeds. There is an FBI forensic accountant assigned to this matter that has reviewed these bank records as well as some of the relevant victims' bank records that are relevant to the timeframe described above. According to the assigned FBI forensic accountant's analysis, LESIN's bank accounts clearly show the receipt of millions of dollars in fraud proceeds, as well as several million dollars in other transactions. LESIN's bank records also show hundreds of thousands of dollars in cash withdraws from banks located in the Southern District of Florida and elsewhere.

22. Based upon my training and experience in fraudulent schemes and the information learned during the course of the investigation, your affiant respectfully submits that there is probable cause to believe that LESIN committed wire fraud, in violation of Title 18, United States Code, Section 1343.

23. Affiant submits that public disclosure of the information contained in this affidavit and public disclosure of the existence of the arrest warrant for LESIN may

compromise the investigation, may cause suspect to flee in order to avoid apprehension, may cause the destruction of physical evidence, and may cause the further dissipation of victim car purchaser's funds. Accordingly, Affiant respectfully requests that the Court seal this affidavit and the accompanying warrant in order to avoid jeopardizing the ongoing investigation into LESIN and his possible accomplices.

The foregoing is true and correct to the best of the Applicant's knowledge.

FURTHER AFFIANT SAYETH NAUGHT

_____
Austin M. Steelman
Special Agent
Federal Bureau of Investigation

Attested to by the Applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone, this 29th day of May 2022, at 6:13pm
in Miami, Florida

_____
HONORABLE MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE