

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

22-20235-CR-BLOOM/OTAZO-REYES

CASE NO.: _____

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

DANIEL LESIN,

      Defendant.

_____ /

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. CORE NEXUS LLC ("CORE") was a corporation registered in the state of Montana, the state of Florida, and the state of Alaska.

2. ALDL, LLC ("ALDL") was a corporation registered in the state of Montana.

3. GREY BLACK HOLDINGS, LLC ("GREY") was a corporation registered in the state of Alaska and the state of Montana.

4. Ferrari was an Italian-based luxury sportscar manufacturer that was famous for producing limited number, handcrafted motor vehicles, including the special edition, ultra-exclusive "super car," the Ferrari Monza SP1 and Ferrari Monza SP2.

5. P.F.S., LLC was a vintage and exotic motorcar financing and leasing company, and a wholly owned subsidiary of Bank 1, a financial institution whose accounts were insured by the FDIC.

6. Bank 2 was a financial institution whose accounts were insured by the FDIC.

7.      Defendant **DANIEL LESIN** was a resident of Palm Beach County, Florida, Bergen County, New Jersey, and New York County, New York. **LESIN** was a member and corporate representative of CORE, ALDL, and GREY.

## COUNTS 1-4
## WIRE FRAUD
## (18 U.S.C. § 1343)

1.      Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and fully incorporated herein by reference.

2.      From in or around July 2018, and continuing through in or around September 2021, in Miami-Dade and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

**DANIEL LESIN,**

did knowingly, and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for **DANIEL LESIN** and his accomplices to unlawfully enrich themselves by (1) causing individuals and corporations to pay advance deposits for the purported purchase of ultra-exclusive Ferrari vehicles based on materially false and fraudulent representations, (2) causing financial institutions to provide the defendant money based upon his materially false and fraudulent representations regarding the ownership of

2

Ferrari vehicles, and (3) using those fraudulently obtained funds for the defendant's and his accomplices' personal use and benefit.

**SCHEME AND ARTIFICE**

The manner and means by which the defendant and his accomplices sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4. Beginning in or around July 2018, **DANIEL LESIN**, individually and through CORE, ALDL, and GREY, executed false and fraudulent sales contracts with individuals located throughout the United States and Canada for the purchase of ultra-exclusive Ferrari automobiles. **LESIN** falsely represented to potential purchasers that he either owned specific Ferrari automobiles or had access to purchase Ferrari automobiles that were in the process of being built. In truth, **LESIN** had neither.

5. **DANIEL LESIN** typically provided the purchasers with signed false and fraudulent purchase orders on what appeared to be legitimate Ferrari car dealer forms, sham vehicle build sheets showing the specifications of Ferrari vehicles, as well as other false and fraudulent documents.

6. To entice potential purchasers and bolster their confidence in his claimed ability to consummate the sale of the high-value luxury cars, **DANIEL LESIN** often represented to potential purchasers that he had existing purchase orders with official Ferrari automobile sales centers for future, limited vehicle allotments from Italy. **LESIN** further represented that he had secured those purchases with his own funds. For example, **LESIN** falsely represented to one victim that he had already deposited $500,000 of his own funds to secure the purchase of a Ferrari Monza SP2. **LESIN** provided the victim with false and fraudulently prepared bank records that purported to show **LESIN's** $500,000 wire to Ferrari.

3

7. **DANIEL LESIN** often communicated with purchasers using email, text messages and other wire communications. All purchasers sent **LESIN** payments using interstate bank wire transfers. To consummate these sales, **LESIN** required and received wire transfers from the purchasers into bank accounts he controlled.

8. To facilitate these sham Ferrari sales, **DANIEL LESIN** used several luxury vehicle brokers, including one broker located in Miami-Dade County, Florida and another located in Palm Beach County, Florida. These brokers had clients that **LESIN** falsely and fraudulently induced to provide him with advance payments for vehicles that did not exist. **LESIN** caused his victims to make advance payments to him for the fictitious Ferraris and caused them to wire commission payments to the automobile brokers.

9. As part of his fraud scheme, **DANIEL LESIN** falsely and fraudulently induced P.F.S., LLC to provide him with approximately $388,273 for the sale and "lease back" of a Ferrari vehicle that **LESIN** did not own. **LESIN** provided P.F.S. LLC with false and fraudulent documents, including a sham State of Montana Department of Motor Vehicle, Certificate of Title, to induce P.F.S., LLC to complete the deal.

10. **DANIEL LESIN** falsely and fraudulently induced Bank 2 to lend him approximately $370,000, secured by the same Ferrari vehicle described in Paragraph 9, above, when, in truth and in fact, he did not own the vehicle and could not use it as security for a loan.

11. **DANIEL LESIN** also falsely and fraudulently induced Bank 2 to lend him approximately $280,264, secured by another Ferrari vehicle, when, in truth and in fact, he did not own the vehicle and could not use it as security for a loan.

12. To induce individuals, corporations, and financial institutions to provide money to the defendant, **DANIEL LESIN,** made and caused others to make numerous materially false and

fraudulent statements to Ferrari vehicle purchasers and financial institutions including, among other things, the following:

### Materially False Statements

(a)  That purchasers' funds would be used towards the purchase of Ferrari vehicles;

(b)  That a Ferrari vehicle would be built to purchasers' specifications and delivered at a later date;

(c)  That purchasers' funds were refundable in the event they did not receive their vehicle;

(d)  That Ferrari transactions were represented in authorized and legitimate purchase orders;

(e)  That **DANIEL LESIN** had previously secured the purchase of particular Ferrari Monza SP1 and Monza SP2 automobiles from Ferrari which he was transferring to his purchasers;

(f)  That **DANIEL LESIN** had previously wired his own funds to Ferrari to secure a vehicle for a particular purchaser;

(g)  That purchasers' funds would be used to acquire new Ferrari vehicles, as opposed to being used for **DANIEL LESIN's** personal benefit; and

(h)  That **DANIEL LESIN** owned or would later own a specific Ferrari vehicle to collateralize a financial institution loan.

13.  Based on these materially false and fraudulent statements, in or around July 2018 and continuing through in or around September 2021, purchasers and financial institutions wire transferred approximately $3,000,000 to **DANIEL LESIN** which he used for his personal use and benefit.

## USE OF THE WIRES

14. On or about the dates enumerated below, in the Southern District of Florida and elsewhere, the defendant, for the purpose of executing and in furtherance of the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and caused to be transmitted in interstate commerce, by means of wire communications, certain writings, signals, pictures and sounds, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | July 9, 2019 | **DANIEL LESIN** caused purchaser J.C. to wire $25,020 from a bank account located in Toronto, Ontario, Canada, to a bank account for broker E.S., located in Miami-Dade County, Florida, as a commission payment for a Ferrari vehicle |
| 2 | November 15, 2019 | **DANIEL LESIN** sent a text message from outside the Southern District of Florida to broker S.S., located in Palm Beach County, Florida, purportedly showing that **LESIN** had already wired $500,000 to Ferrari to secure a Ferrari vehicle |
| 3 | November 19, 2019 | **DANIEL LESIN** caused purchaser J.P. to wire $10,000 from a bank account located in Omaha, Nebraska, to a bank account for broker V.A., located in West Palm Beach, Florida, as a commission payment to V.A. for a Ferrari vehicle |
| 4 | December 6, 2019 | **DANIEL LESIN** sent a text message from outside the Southern District of Florida to broker S.S., located in Palm Beach County, Florida, purportedly showing that **LESIN** had already wired an additional $500,000 to Ferrari to secure a Ferrari vehicle |

In violation of Title 18, United States Code, Sections 1343 and 2.

6

## FORFEITURE

1. The allegations of this Indictment are re-alleged, and by this reference fully incorporated herein for alleging criminal forfeiture to the United States of America of certain property in which the defendant, **DANIEL LESIN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DANIEL LESIN,

_____/
Defendant.

CASE NO.: 22-20235-CR-BLOOM/OTAZO-REYES

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5-7 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☐ 0 to 5 days
   - II  ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 1:22-mj-02923 Damian

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Roger Cruz
Assistant United States Attorney
FLA Bar No. 157971

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: DANIEL LESIN

**Case No**: 

Counts #: 1-4

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.