UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20235-CR-BLOOM/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

DANIEL LESIN,

        **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.     1.     Copies of any written or recorded statements made by any Defendant are attached. To the extent additional written and/or recorded statements by the Defendant are later discovered and/or obtained by the Government, the Government will disclose them upon receipt by this office.

       2.     That portion of the written record containing the substance of any oral statement made by the Defendant before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent/law enforcement is attached.

       3.     No defendant testified before the Grand Jury.

       4.     The NCIC record of the Defendant, if any exists, will be provided upon receipt by this office.

       5.     Books, papers, documents, photographs, tangible objects, buildings, or places which the Government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the Defendant, or co-defendant(s), are attached to the extent practicable but not filed with the Court. Other additional items, if any exists, may be inspected at a mutually convenient time at the FBI's Miramar office. Please contact the undersigned attorney to set up a date and time that is convenient to both

parties for inspection.

For your convenience, a substantial portion of the salient documents and records have been attached. Please be advised, however, that the attachments do **not** contain copies of all the books, papers, documents, etc., that the Government may intend to introduce at trial.

6. This office is aware of **no** physical or mental examinations or scientific tests, or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The Government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The Government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The Government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the Government at trial.

F. Reports, if any exists, documenting an identification proceeding in which the Defendant is identified to law enforcement by a witness has been provided to the Defendant by the Government. The Defendant may have also been identified by witnesses from his New Jersey Driver's license photograph attached.

G. The Government has advised its agents and officers involved in this case to preserve all rough notes.

H. The Government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any

2

supplemental discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The Government may also seek to disclose such information as relevant conduct for sentencing purposes.

As of this filing, the Government is aware of evidence of certain concurrent, intertwined, and similar fraud crimes perpetrated by the defendant that it may seek to introduce at trial, including, but not limited to, other victims of his advance-fee scheme, sales of non-existent vehicles, an insurance fraud scheme involving one or more motor vehicles, a luxury watch fraud scheme, and the theft of services invoicing private airplane charters. The Government will produce those documents, reports, and other evidence of these crimes in a supplemental discovery response.

I. The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The Government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the Government at the trial of this cause.

K. The Government is aware of *no* alleged contraband related to the charges contained in the indictment.

L. The Government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the Government's possession.

M. The Government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant.

N. The Government, to date, has not received a request for disclosure of the subject-matter of expert testimony that the Government reasonably expects to offer at trial.

O. The Government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the Government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel.

The Government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the Government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the Government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

DATE:       SEE INDICTMENT
TIME:       SEE INDICTMENT
LOCATION:   SEE INDICTMENT

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *Roger Cruz*
Roger Cruz
Assistant United States Attorney
Florida Bar No. 157971
99 NE 4th Street, 4th Floor
Miami, Florida 33132
Tel:     (305) 961-9207
E-mail:  Roger.Cruz@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2022, the undersigned electronically filed the foregoing document with the Clerk of Court using CM/ECF.

In addition, (1) portable thumb drive contains documents bates GDL-00000001 through GDL-00123790; Vista-CoreNexus-0000001 through Vista-CoreNexus-0006173; and CI-71RLE AMEX 000001 through CI-71RLE AMEX 002953 and CI-011F89 AMEX 000001 through CI-011F89 AMEX 004238 mentioned above and identified on the detailed index of the discovery, sent via FedEx to:

Steven James Binhak, Esq.
Law Office of Stephen James Binhak, PLLC
1 SE 3rd Avenue, Suite 2600
Miami, Florida 33131
Counsel of record for the Defendant

Jeffrey Harris Lichtman, Esq.
Law Offices of Jeffrey Lichtman
11 E. 44th Street, Suite 501
New York, New York 10017
PRO HAC VICE Counsel of record for the Defendant