UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-20235-BLOOM

UNITED STATES OF AMERICA

vs.

DANIEL LESIN,

    Defendant.

_____/

## FACTUAL PROFFER

Defendant Daniel Lesin ("the Defendant" or "Lesin"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

From in or around July 2018, and continuing through in or around September 2021, in Miami-Dade and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the Defendant did knowingly, and with the intent to defraud, execute a wire fraud scheme, in violation of Title 18, United States Code, Section 1343. It was the purpose of his scheme for the Defendant to unlawfully enrich himself by (1) causing individuals and corporations to pay advance deposits for the purported purchase of ultra-exclusive Ferrari vehicles based on materially false and fraudulent representations, (2) causing financial institutions to provide the Defendant money based upon his materially false and fraudulent representations regarding the ownership of Ferrari vehicles, and (3) using those fraudulently obtained funds for the Defendant's personal use and benefit.

Beginning in or around July 2018, the Defendant individually and through his corporations, CORE NEXUS, LLC, ALDL, LLC, and GREY BLACK HOLDINGS, LLC, executed false and fraudulent sales contracts with individuals located throughout the United

States and Canada for the purchase of Ferrari automobiles. The Defendant falsely represented to potential purchasers that he either owned specific Ferrari automobiles or had access to purchase Ferrari automobiles that were in the process of being built. In truth, Lesin had neither. To execute his fraud scheme, Lesin typically provided the purchasers with signed false and fraudulent purchase orders on what appeared to be legitimate Ferrari car dealer forms, sham vehicle build sheets showing the specifications of Ferrari vehicles, as well as other false and fraudulent documents. To entice potential purchasers and bolster their confidence in his claimed ability to consummate the sale of the high-value luxury cars, the Defendant often represented to potential purchasers that he had existing purchase orders with official Ferrari automobile sales centers for future, limited vehicle allotments from Italy. Lesin further misrepresented that he had secured those purchases with his own funds.

The Defendant often communicated with purchasers using email, text messages and other wire communications. All purchasers sent the Defendant payments using interstate bank wire transfers, checks, and cash payments. To consummate these sales, Lesin required and received wire transfers from the purchasers into bank accounts he controlled. To facilitate these sham Ferrari sales, Lesin used several luxury vehicle brokers, including one broker located in Miami-Dade County, Florida and another located in Palm Beach County, Florida. These brokers had clients that Lesin falsely and fraudulently induced to provide him with advance payments for vehicles that did not exist. The Defendant caused his victims to make advance payments to him for the fictitious Ferraris and caused them to wire commission payments to the automobile brokers.

For example, Lesin falsely represented to one victim that he had already deposited $500,000 of his own funds to secure the purchase of a Ferrari Monza SP2. Lesin provided the

2

victim with false and fraudulently prepared bank records that purported to show Lesin's $500,000 wire to Ferrari. As another example, Lesin fraudulently induced P.F.S., LLC to provide him with approximately $388,273 for the sale and "lease back" of a Ferrari vehicle that Lesin did not own. Lesin provided P.F.S. LLC with fraudulent documents, including a sham State of Montana Department of Motor Vehicle, Certificate of Title, to induce P.F.S., LLC to complete the deal.

During his scheme, Lesin defrauded victim J.P. out of $1,000,000 for the sale of a Ferrari; victim O.V.B. out of approximately $612,510 for two vehicle loans; victim P.B.H out of $300,000 for a vehicle; victim G.B. for another vehicle; and victim E.G. for $78,355 in private European air travel. All in all, Lesin personally profited over $2,000,000 from his scheme.

The Parties agree that the above facts, which do not include all the facts known to the Government or Defendant, are sufficient to prove the guilt of the Defendant with respect to Count 1.

JUAN ANTONIO GONZALEZ
UNITED SATATES ATTORNEY

Date: 10/19/22   By: _____
ROGER CRUZ
ASSISTANT UNITED SATES ATTORNEY

Date: 10-18-22   By: _____
JEFFREY LICHTMAN
COUNSEL FOR DEFENDANT

Date: 10-18-22   By: _____
DANIEL LESIN
DEFENDANT

3