UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-20235-BLOOM

UNITED STATES OF AMERICA

v.

DANIEL LESIN,

    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Daniel Lesin (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with Wire Fraud, in violation of Title 18, United States Code, Section 1343.

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to the Defendant, after sentencing.

3. The Defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The Defendant further understands that the court is required to consider the Sentencing Guidelines advisory range but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands that the

court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that, the Defendant may not withdraw his plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years for Count 1, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), and must order forfeiture and restitution.

5. The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendants ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to 18 U.S.C. § 3663A. The Defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A. For purposes of restitution, the Defendant agrees to include Anna Bergman/EAC Group as a victim of his crime.

6. The Defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The Defendant agrees that the special assessment shall be paid at the time of sentencing.

7. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his

background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. Although not binding upon the Probation Office or the Court, the United States and the Defendant agree that the base offense level for this offense under Section 2B1.1(b)(1) is seven. The United States and the Defendant also agree to jointly recommend that the defendant be held accountable for offense conduct involving a loss amount of more than $1,500,000 but less than $3,500,000, which results in a sixteen-level increase for the purpose of determining the applicable sentencing guidelines under Section 2B1.1(b)(1)(I). The parties also agree that the offense involved sophisticated means and the Defendant intentionally engaged and caused the conduct constituting sophisticated means, increasing the base offense by two levels per Section 2B1.1(b)(10(C).

9. The United States and the Defendant also agree to jointly recommend that no other specific offense categories apply for sentencing purposes under Count 1. Thus, the United States and the Defendant agree to recommend that the adjusted offense level here is 25.

10. The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's affirmative and timely acceptance of personal responsibility for his offense. If the Defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b). However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and

3

complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

11. The Defendant reserves the right to argue for a sentence below the applicable guideline range, based on factors encompassed within Title 18, United States Code, Section 3553.

12. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of approximately $2,000,000 in U.S. currency, which sum represents the value of the property subject to forfeiture.

13. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial

4

interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. The Defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the Defendant's immigration status of his guilty plea. The Defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from the United States.

16. The Defendant is aware that his sentence has not yet been determined by the court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the Court. The Defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

17.     The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and/or 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

18.     The Defendant agrees that if he fails to comply with any of the provisions of this plea agreement, including the failure to tender it to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), this Office will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach: (a) this Office will be free from its obligations under

the plea agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this plea agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – this Office is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and this Office will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this plea agreement, including offering into evidence or otherwise using the attached Stipulated Factual Proffer at a trial, or on other charges.

19.     This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

JOSE ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/19/22     By: _____
ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY

Date: 10-18-22    By: _____
JEFFREY LICHTMAN
ATTORNEY FOR DEFENDANT

Date: 10-18-22    By: _____
DANIEL LESIN
DEFENDANT

8